HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SILVER VALLEY PARTNERS, LLC, a Washington Limited Liability Company; JAMES D. CHRISTIANSON, an individual; the JAMES D. CHRISTIANSON LIVING TRUST, a Trust formed under the laws of the State of Washington; STERLING PARTNERS, LLC, a Washington Limited Liability Company; CHRISTIANSON FAMILY, LLC, a Washington Limited Liability Company; SILVER VALLEY EAGLES, LLC, a Washington Limited Liability Company; and NONSTOP REVENUE, LLC, a Washington Limited Liability Company,<br><br>        Plaintiffs,<br><br>   v.<br><br>RAY DE MOTTE, an individual,<br><br>        Defendant. | Case No. C05-5590 RBL<br><br><br><br>ORDER DENYING PLAINTIFFS' MOTION TO STRIKE RESCISSION CLAIMS |

This matter is before the court on the Plaintiffs' Motion to Strike Defendant's Third Affirmative Defense and his First Counterclaim [Dkt. #37], which relate to his position that the Plaintiffs offered to tender their securities in rescission, and that he accepted that offer. He claims that as a result, the Plaintiffs' other claims are barred, and that what remains in this litigation is only the calculation of the amount to be paid by the Defendant to the Plaintiffs for their shares.

The Plaintiffs disagree, and argue that they are permitted under the civil rules as well as the relevant

ORDER
Page - 1

state Securities Acts to plead in the alternative. They argue that their claims for fraud and damages are not, at least at this point, precluded by their simultaneous assertion of a rescission claim. They argue further that because they have not yet tendered – and are not yet required to tender – their shares, the Defendant's counterclaim and affirmative defense based on their alleged tender are insufficient as a matter of law and should be stricken under Fed. R. Civ. P. 12(f).

That Rule provides:

> **(f) Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Plaintiffs argue that because they are entitled to plead in the alternative (and because they are not yet required to tender their shares) the affirmative defense and counterclaim based on the purported tender and acceptance are insufficient as a matter of law.

Rule 12(f) Motions to Strike a Pleading are disfavored. *See Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059 (8th Cir. 2000). Before such a motion can be granted, the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed. *See Systems Corp. v. American Telephone & Telegraph*, 60 F.R.D. 692, 694 (S.D.N.Y) 1973).

This standard is not met in this case. There appear to be factual disputes over the alleged "tender," and neither party has addressed in detail just what the Defendant has done in response to it. There is an allegation that the Plaintiffs made, and Defendant accepted, a different tender prior to the commencement of this litigation. Nor are the legal issues sufficiently clear or undisputed for the court to essentially adjudicate the Defendant's position that a tender was made and effectively accepted at this early stage of the litigation. Just as the court was not willing to rule as a matter of law that rescission had occurred in connection with the Defendant's Motion for a Protective Order, the court will not rule as a matter of law that rescission has not occurred in the context of an attack on the sufficiency of pleadings.

1     The viability of the Defendant's third affirmative defense and his counterclaim shall instead be
2 determined on a more developed record and on the merits. The Plaintiffs' Motion to Strike [Dkt. #37] is
3 therefore DENIED.

5     Dated this 3rd day of March, 2006

                         _/s/ Ronald B. Leighton_
8                       RONALD B. LEIGHTON
                      UNITED STATES DISTRICT JUDGE