HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SILVER VALLEY PARTNERS, LLC, a Washington Limited Liability Company; JAMES D. CHRISTIANSON, an individual; the JAMES D. CHRISTIANSON LIVING TRUST, a Trust formed under the laws of the State of Washington; STERLING PARTNERS, LLC, a Washington Limited Liability Company; CHRISTIANSON FAMILY, LLC, a Washington Limited Liability Company; SILVER VALLEY EAGLES, LLC, a Washington Limited Liability Company; and NONSTOP REVENUE, LLC, a Washington Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>RAY DE MOTTE, an individual,<br><br>Defendant. | Case No. C05-5590 RBL<br><br><br>PROTECTIVE ORDER |

This matter comes before the Court on Defendant Ray De Motte's Motion for Protective Order [Dkt. #64]. On March 3, 2006, the Court entered an oral protective order that financial documents produced in this case may be used for purposes of this lawsuit as well as an action in Shoshone County, Idaho. Accordingly, the Court directed counsel for the parties to try to reach agreement on the form of a written protective order. The parties were unsuccessful in their attempts to resolve their disagreements over the form of the protective order, resulting in this Motion. Plaintiffs have provided the Court with

ORDER
Page - 1

their own proposed protective order attached to their Opposition to Defendant's Motion [Dkt. #75]. The Court has considered the arguments offered by both parties and reviewed the proposed protective orders and enters the following Protective Order:

IT IS HEREBY ORDERED that the following restrictions and procedures shall apply to information and documents produced by parties and non-parties in response to discovery in this action, including testimony provided in deposition, declaration or affidavit:

1. Any party to this action or other person who produces or supplies information, documents or other tangible items for use in this action in the course of discovery may designate as "Confidential" any material that contains information that the party or person reasonably and in good faith believes constitutes legitimately confidential, proprietary, private, or similarly protected information. Any party to this action or other person as to whom information is subpoenaed from a third party may likewise designate as "Confidential" any material that contains information that the person reasonably and in good faith believes constitutes legitimately confidential, proprietary, private, or similarly protected information.

2. Documents produced by a party or other person shall be designated as Confidential by prominently marking words that in substance state "CONFIDENTIAL  - SUBJECT TO PROTECTIVE ORDER" on the face of the original or photocopy of the document, and upon each page so designated.

3. A party or other person may designate as Confidential documents produced by a third party by providing written notification reasonably describing the documents or portions to be designated as Confidential, provided, however, that banking records or investment account records subpoenaed from a bank, brokerage firm or other financial institution shall automatically be deemed Confidential in their entirety unless confidential treatment is waived in writing by the owner of the record of the account. It shall be the obligation of the Receiving Parties to prominently mark words that in substance state "CONFIDENTIAL  - SUBJECT TO PROTECTIVE ORDER" on the face of the original or photocopy of the document and upon each page of documents that are designated or deemed Confidential pursuant to this paragraph. The Receiving Parties shall affix the markings as soon as reasonably possible following receipt and/or designation, but in any event prior to the documents' being made available to any person permitted access under paragraph 9 of this Order.

4. Portions of testimony by deposition, declaration or affidavit that any party or witness

reasonably and in good faith believes constitutes legitimately confidential, proprietary, private, or similarly protected information may be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by a party or witness.

5. Portions of testimony by deposition, declaration or affidavits shall be designated as Confidential by clearly marking the portions so designated, prominently labeling them by words that in substance state "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and serving on all other parties complete copies of all pages on which testimony designated as Confidential appears.

6. A party or witness may notify other parties that deposition testimony or exhibits include Confidential matter either during the course of the deposition or within three (3) business days thereafter. In the event such notice is given, the entire deposition transcript shall be deemed Confidential from the time of such notification or ten business days following the date upon which the entire deposition transcript is complete and copies are available for purchase from the court reporter. Prior to the expiration of this period, the party or witness claiming confidentiality shall designate specific portions of the transcript and any exhibits as Confidential in the manner provided above. Thereafter, only such designated portions and exhibits shall be Confidential.

7. Materials or portions of testimony that are designated Confidential shall be treated as Confidential until and unless their Confidential status is successfully challenged. In determining a challenge to designation or a document or information as Confidential, the burden shall be on the party seeking the Confidential designation to satisfy the Court that a failure to designate as Confidential shall cause harm or otherwise be prejudicial to the party or other person seeking the designation.

8. Documents and information designated Confidential shall remain confidential despite production or use in this action and shall not be disclosed in any fashion to anyone not authorized herein. Consistent with the Court's prior oral ruling, parties involved in this action may use Confidential documents and information in other actions to the extent that such other actions involve the same parties and claims.

9. No one shall be given access to information or documents classified as "Confidential" other than:

(a) The Parties to this action and Non-Disqualified Counsel who are attorneys of record

in this action ("Parties" and "Disqualified Counsel" having the meanings set forth below) and their paralegal, clerical, and secretarial employees.

For purposes of this Order, "Parties" shall mean Ray De Motte, Art and Carol Stephan, Spring Creek Properties, LLC, Sterling Mining Company, Hull & Branstetter Chartered, Michael Branstetter, Attorney, Cohne, Rappaport & Segal, PC, Silver Valley Partners, LLC, James D. Christianson, the James D. Christianson Living Trust, Sterling Partners, LLC, Christianson Family, LLC, Silver Valley Eagles, LLC, Nonstop Revenue, LLC, and any member of the Plaintiff LLC's.

For purposes of this paragraph, "Disqualified Counsel" means any attorney with the law firm of Bullivant, Houser, Bailey, PC who has represented or will hereafter represent any person in connection with the formulation, analysis, negotiation, strategizing or documentation of any proposed or attempted merger, tender offer, proxy fight, stock acquisition, financing, asset acquisition or any other business combination with the Sterling Mining Company, Timeberline Resources, Inc., Shoshone Silver Mining, Inc. or Kimberly Gold Mines. Disqualified Counsel and their direct secretarial, clerical or paralegal employees shall not be given access to any documents or information designated as Confidential nor discuss any Confidential document or information with any other lawyer or employee of the firm. The screening mechanism used by the firm to prevent Disqualified Counsel from having access to Confidential documents or information shall meet the standards for screening generally applicable under Rule 1.10(b) of the Model Rules of Professional Conduct;

(b) Non-party experts or consultants retained by Counsel of Record, provided the non-party expert or consultant is first given a copy of this Order and first signs an acknowledgment to be bound by the Order;

(c) Any witness may be shown Confidential information or documents during his or her deposition or trial testimony, provided that the witness shall first be provided with a copy of this Order and advised that a violation of the Order would constitute a contempt of court, and further provided that the witness shall not be allowed to retain a copy;

(d) Any person to whom the document or information had been provided or made available prior to this action;

(e) The Court and Court personnel;

ORDER
Page - 4

        (f)     Any person whom the Designating Party agrees in writing may have access to such information;

        (g)     Court reporters employed in connection with this action, provided that the court reporters shall first be provided with a copy of this Order; and

        (h)     Any other person, entity or governmental agency only upon order of the Court or upon written consent of the party producing the Confidential information or material.

10. Any Confidential document or information that is submitted to or filed with the Court shall be filed under seal in accordance with the procedures utilized by the clerk of the court.

11. If any party inadvertently produces or discloses any Confidential document or information without marking it with the appropriate legend, that party may give notice to the Receiving Parties that the information should be treated in accordance with the terms of this Order. The party providing notice may request in writing that the Receiving Parties either prominently mark the document with the words that in substance state "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or may provide the Receiving Parties with properly marked substitute documents, in which case the Receiving Parties shall either return the previously unmarked items and all copies thereof or confirm in writing that all unmarked copies have been destroyed. A Receiving Party shall comply with such a request within fifteen (15) business days. The inadvertent disclosure shall not be deemed a waiver of confidentiality so long as such designation is made within fifteen (15) business days of the discovery of the inadvertent production disclosure.

12. Confidential documents or information may be used or referred to by the parties or their counsel of record in any testimony, affidavits, briefs, memorandum of law or other papers filed in this action or in another action to the extent that such other actions involve the same parties and claims, and the parties expressly agree that such use does not in any way constitute a waiver of the Confidential designation and does not remove such documents or information from the restrictions outlined herein.

13. In the event that any documents designated Confidential are subpoenaed by anyone purporting to have authority to subpoena such information, the subpoenaed party shall serve the subpoenaing party with an objection supported by a copy of this Order, at the same time providing the Designating Party with a copy of the subpoena and its objection. The subpoenaed party shall have no

obligation to oppose the subpoena other than by serving the prompt objection. It shall be the obligation of the Designating Party to take any further action necessary or appropriate to protect the Confidential documents or information from disclosure.

14. Counsel of record who disclose Confidential information to persons required to sign an acknowledgment of this Order shall retain copies of all such signed acknowledgments through the conclusion of this action and shall produce copies of such signed acknowledgments to other parties upon request; provided, however, that copies of acknowledgments signed by experts or consultants need not be produced until the later of the Court's deadline for identifying expert witnesses or the final determination of proceedings at the trial Court, whichever is earlier. Within sixty (60) days of the final determination of this action, including appeals, counsel of record shall provide written notice which describes with particularity any documents that its clients propose to retain, and why, and how, and where those documents will be retained, and will otherwise certify in writing that all other documents containing or disclosing Confidential information within their control or the control of those to who they distributed such information have been destroyed. The notice shall prominently state that unless written objection is received within thirty (30) days, the documents proposed to be retained will and can by retained on the terms and for the purposes disclosed. If the party receiving the notice provides timely written objection to the retention of all or any of the documents or the terms on which they are proposed to be retained, the burden shall be on the party or parties seeking to retain copies to move the Court for relief from its duty to destroy all copies of documents containing or disclosing Confidential information. Notwithstanding the foregoing, counsel may retain all pleadings, briefs, memorandum and other documents containing their work product, which refer to or incorporate Confidential information. They will continue to be bound by the terms of this Order with respect to all such retained information.

15. This Order has no effect upon, and its scope does not extend to:

    (a) Any producing person's use of its own Confidential information,

    (b) Any information that is, was, or becomes public in a matter not constituting a violation of this Order, or

    (c) The use by a person of information legitimately obtained outside of discovery in this action;

ORDER
Page - 6

16. This Order shall be without prejudice to the right of any party to oppose production of any information or to object to its admissibility in evidence by reason of lack of timeliness or relevance, assertion of a privilege, undue burden, or any other lawful ground.

17. Nothing in this Order requires disclosure of material subject to attorney work product or attorney/client privilege.

18. Nothing herein shall preclude a party or non-party from making a motion to the Court to alter the procedures herein or to expand or reduce the scope of this Order.

SO ORDERED this 5th day of May, 2006.

_Ronald B. Leighton_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE