HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SILVER VALLEY PARTNERS, LLC, a Washington Limited Liability Company; JAMES D. CHRISTIANSON, an individual; the JAMES D. CHRISTIANSON LIVING TRUST, a Trust formed under the laws of the State of Washington; STERLING PARTNERS, LLC, a Washington Limited Liability Company; CHRISTIANSON FAMILY, LLC, a Washington Limited Liability Company; SILVER VALLEY EAGLES, LLC, a Washington Limited Liability Company; and NONSTOP REVENUE, LLC, a Washington Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>RAY DE MOTTE, an individual,<br><br>Defendant. | Case No.  C05-5590 RBL<br><br><br><br><br>ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter is before the Court upon Plaintiffs' Motion to Amend their Complaint [Dkt. #72]; Defendant's Motion for Judgment on the Pleadings [Dkt. #70]; and Defendant DeMotte's separate Motion for Summary Judgment on Plaintiffs' Tenth Claim [Dkt. #68].  Defendant DeMotte's Motions seek adjudication of the Plaintiffs' Third, Fourth, Fifth, Sixth and Seventh Claims (though he was named individually only in the Fourth), and summary judgment on the Tenth, which was asserted against him only.  Plaintiffs' proposed amended complaint deletes the Third, Fourth, Fifth, Sixth, Seventh and Tenth claims.

All of the Motions were filed on the same day, although the Defendant's Motions were filed first.

The Court will address the Motions together, as they are separate sides of the same coin.

Plaintiffs seek to amend their Complaint in part to add claims against defendants, including claims against Carol Stephan, who was initially named in this lawsuit but was later dismissed for lack of personal jurisdiction. Plaintiff now seeks to allege that Stephan and her husband, with the complicity of an LLC controlled by them (Spring Creek Properties), illegally and wrongfully converted funds solicited in Washington from Washington residents for the personal gain of the Stephans. They argue that the "effects" of this were in Washington, and that that is sufficient to confer jurisdiction, regardless of the prior finding of no jurisdiction on different claims. Plaintiffs also seek to "clean up" the allegations in their complaint to reflect the prior dismissal of former defendant Farrand, and to delete the two claims against DeMotte (the Fourth and Tenth claims) which are the subject of his Motions.

Both the existing Defendant, DeMotte, and the proposed defendants, the Stephans and Spring Creek Properties, oppose amendment.

The Stephans argue that the court has already ruled that conduct occurring exclusively in Idaho with "effects" in Washington are not sufficient to confer jurisdiction, and that while the specifics of the proposed new claim are different, the jurisdictional facts are essentially the same. Plaintiffs point to *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002) and argue that where an intentional act is expressly aimed at this state, causing harm the defendant knew was likely to be suffered here, there is personal jurisdiction. They also argue that the any lack of personal jurisdiction is not a defense at this point to the amendment of their complaint.

The court agrees with the latter point, and for that reason the Motion to Amend claims against the Stephans and Spring Creek is GRANTED. As for the former point, the allegations made in the proposed amended Complaint against Stephans and Spring Creek are in fact different than the previously dismissed claims, and might in fact trigger the "effects" test outlined in *Dole Food*. That issue, however, can await another day, as can any claim for costs associated with a successful motion to dismiss.

The other aspect of the Plaintiffs' proposed amended complaint relates to the deletion of claims (the Third, Fifth, Sixth, and Seventh claims against a previously dismissed party, Farrand), the Fourth claim against both DeMotte and Farrand, and the Tenth Cliam against DeMotte only. Both parties agree that the claims are not properly in this case. DeMotte seeks dismissal with prejudice – even on claims to which he

is not a party, and even though the target of the bulk of them (Farrand) was dismissed on jurisdictional, and not substantive, grounds. Plaintiffs seek to amend their complaint to delete these claims, and to in effect have the claims dismissed without prejudice.

DeMotte has not cited authority for the proposition that a party who is dismissed on jurisdictional grounds is entitled to a subsequent Judgment on the Pleadings, following a Motion brought by an unrelated remaining defendant, and to have the claims adjudicated and dismissed with prejudice. The Court is unaware of such authority, and will not dismiss the Third, Fifth, Sixth, or Seventh claims (all asserted only against former Defendant Farrand) with prejudice. The Plaintiffs' Motion to Amend [Dkt. #72] their complaint to delete these claims is GRANTED, and Defendant DeMotte's Motion for Judgment on the Pleadings [Dkt. #70] as to these claims is DENIED as moot.

As for the fate of the Fourth Claim against Defendant DeMotte, it is perhaps true that if the viability of that claim was subject to adjudication by a Motion for Judgment on the Pleadings, it would be unfair to deprive DeMotte of the right to have it adjudicated rather than face the potential of a second suit on that claim in the future. However, the Plaintiffs have alleged without opposition that their counsel informed DeMotte's counsel of their intention to delete this claim, and sought to amend their complaint to do so on the same day the Defendant's Motion seeking dismissal with prejudice was filed.

Furthermore, and in any event, it appears that the issue depends on the resolution of factual questions about the nature of the promises that were made and the form of the entity in which the plaintiffs invested. This question precludes the adjudication of the viability of the Fourth claim on Defendants' Motion, and the Plaintiffs' Motion to Amend to delete this claim is GRANTED. Defendant's Motion for Judgment on the Pleadings on the Fourth claim is DENIED as moot. Also DENIED is Defendant's alternate Motion for the costs (including fees) of bringing the motions which were denied as moot.

Finally, Plaintiffs concede that the Tenth Claim is not viable, and seek to delete it from the case in their proposed amended complaint. Defendants seek dismissal with prejudice rather than face the risk of defending the claim again in the future. While this Motion too was brought at essentially the same time as the motion to amend, there is apparently no substantive basis for the claim, and no factual dispute awaiting future resolution. The Defendant's Motion for Summary Judgment on this claim should be GRANTED.

Therefore, IT IS HEREBY ORDERED:

1  That Plaintiffs' Motion to File First Amended Complaint [Dkt. #72] is GRANTED.  Plaintiffs shall
2  file the Amended Complaint in the form previously provided to the Court and the parties at Dkt. # 91.
3  Defendant's Motion for Judgment on the Pleadings [Dkt. #70] is DENIED.  Defendants' Motion for
4  Summary Judgment on the Tenth claim [Dkt. #68] is GRANTED and that claim is DISMISSED WITH
5  PREJUDICE.

Dated this 22nd day of June, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE