|   |   |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SILVER VALLEY PARTNERS, LLC, a Washington Limited Liability Company; JAMES D. CHRISTIANSON, an individual; the JAMES D. CHRISTIANSON LIVING TRUST, a Trust formed under the laws of the State of Washington; STERLING PARTNERS, LLC, a Washington Limited Liability Company; CHRISTIANSON FAMILY, LLC, a Washington Limited Liability Company; SILVER VALLEY EAGLES, LLC, a Washington Limited Liability Company; and NONSTOP REVENUE, LLC, a Washington Limited Liability Company,

Plaintiffs,

v.

RAY DE MOTTE, an individual; CAROL STEPHAN, an individual; MELANIE FARRAND, an individual; SILVER VALLEY CAPITAL, LLC, an Idaho Limited Liability Company,

Defendants.

Case No.  C05-5590 RBL

ORDER GRANTING MOTIONS TO QUASH

This matter is before the court on the Motions to Quash or Modify Subpoenas, or Alternatively, for a Protective Order, filed by the following non-party entities: Sterling Mining Company [Dkt. #145] (joined By defendants Stephan [Dkt. #170]); Shoshone Silver Mining Company [Dkt. # 146]; Ashington Mining Company [Dkt. # 148]; Signal Silver-Gold, Inc. [Dkt. #149]; and Whitedelf Mining and Development [Dkt. # 154].

ORDER
Page - 1

Each entity seeks to quash subpoenas issued in this case to financial institutions, regarding the financial records of these non-party entities. The moving non-parties argue that the information sought is private, sensitive, and confidential, and emphasize that they are not parties to the instant litigation. They argue that the requests are over-broad and that they are not reasonably calculated to lead to the discovery of admissible evidence.

The plaintiffs respond to Sterling Mining's Motion that there is already a protective order in place. They argue that Sterling is controlled by Defendants DeMotte and Stephan, and that the defendants have consistently sought to delay or otherwise thwart discovery. They argue in response to Whitedelf' Motion that Carol Stephan "controls" Whitedelf and that the allegations against Stephan regarding the misuse and misdirection of funds was done through Whitedelf.

Plaintiffs argue that the motions of Shoshone Silver, Signal Silver-Gold, and Ashington are untimely, and that Idaho law permits broad discovery into alleged racketeering schemes such as the one alleged by the Plaintiffs. They also argue that the Defendants are involved in and/or control these entities and that each is "deeply involved" in the frauds and conspiracies they allege.

Another theme throughout this particular series of motions (and related motions not addressed here) is the court's scheduling order and the defendants' claim that additional time is needed to prepare for the defense of this matter. On the other hand, the Plaintiffs argue that the defendants have sought to delay discovery.

The Court is, through an Order which is issued in conjunction with this Order, granting the Defendants' Motion to Transfer this action to Idaho under 28 U.S.C. §1404. That decision is to some extent bolstered by the arguments made here, as the non-party entities from whom the discovery is sought are Idaho-based, and the authority supporting the discovery are at least in part Idaho laws. It is clear that there is some connection between the named defendants and the entities moving here – a point not mentioned by any of the moving parties.

In any event, the parties' concerns about the scheduling order and the time necessary for fully litigating this obviously complex case will be addressed by the fact that the transferee court will necessarily have to "get up to speed" on this case, and that court's subsequent scheduling order will govern the future discovery and motion practice in the case.

1   For these reasons, this court will GRANT the motions to quash. This Order is "without prejudice,"
2  as the transferee court will be in a superior position to evaluate the connections and the application of
3  Idaho law to the claims of racketeering, conspiracy and fraud under Idaho law.

5   Dated this 21st day of September, 2006

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE